IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00714-BNB

GENE ALLEN,

Petitioner,

v.

THE PEOPLE OF THE STATE OF COLORADO,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 30 2008

GREGORY C. LANGHAM
CLERK

---

ORDER CONSTRUING ACTION AS 28 U.S.C. § 2254 ACTION AND
DIRECTING PETITIONER TO FILE AN AMENDED APPLICATION

---

Petitioner, Gene Allen, is a prisoner in the custody of the Nevada Department of Corrections and currently is incarcerated at the Lovelock, Nevada, Correctional Center. On March 31, 2008, Mr. Allen submitted to the Court a *pro se* "Write [sic] of Error Coram Nobis." The Court must construe the Petition liberally because Mr. Allen is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Petition will be construed as filed pursuant to 28 U.S.C. § 2254, and Mr. Allen will be ordered to file an Amended Application.

In the Petition, Mr. Allen appears to challenge his conviction in Adams County District Court, in Criminal Case No. 1993-CR-001593. To the extent Mr. Allen is attempting to petition for a writ of **coram nobis** under 28 U.S.C. § 1651, the Tenth Circuit has found that federal courts do not have jurisdiction to issue writs of **coram**

*nobis* with respect to state criminal convictions. *See Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005) (citing *Rivenburgh v. Utah*, 299 F.2d 842, 843 (10th Cir. 1962)). The Court, therefore, rejects Mr. Allen's Petition for a writ of *coram nobis*.

Mr. Allen also refers in the Petition to § 2254 and appears to be attempting to raise a habeas corpus action with respect to the criminal conviction in Adams County. The Court, therefore, will construe the action as filed pursuant to § 2254. Mr. Allen previously filed a § 2254 application in this Court in *Allen v. State of Colo.*, No. 06-cv-00569-ZLW (D. Colo. May 25, 2006). Case No. 06-cv-00569-ZLW, however, was dismissed because Mr. Allen failed to assert his claims in compliance with Fed. R. Civ. P. 8.

The claims asserted in the instant action also fail to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought , . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

2

Mr. Allen's Application fails to provide a short and plain statement of his state court proceedings showing that he is entitled to relief. He will be given an opportunity to file an Amended Application on a Court-approved form that is in keeping with this Order. Nonetheless, given that Mr. Allen previously was unable to comply with Rule 8 in Case No. 06-cv-00569-ZLW if he is unable to do so in this case the Court will consider restricting him from filing § 2254 actions in the future that challenge his conviction in Adams County.

In addition, pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the Petitioner has exhausted state remedies or that no adequate state remedies are available or effective to protect the Petitioner's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If Mr. Allen is barred procedurally from raising his claim in the state courts, he may seek review in this Court only if he can "demonstrate cause for the default and

actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."
*Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Mr. Allen also is directed to state in the Amended Application why the action should not be dismissed for failure to exhaust state-court remedies.

Furthermore, it appears that Petitioner's claims are barred by the one-year limitation set forth in 28 U.S.C. § 2244(d). Section 2244(d) specifically provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect

4

> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d). Petitioner will be directed to state in the Amended Application why the action should not be dismissed as barred by the one-year limitation under § 2244(d).

Mr. Allen also should take note that pursuant to 28 U.S.C. § 2243 an application for writ of habeas corpus is directed to the person who has custody of the person detained. Besides the Attorney General for the State of Colorado, the only other correct respondent in this action would be the custodian of the facility where Mr. Allen is incarcerated. Therefore, Mr. Allen is instructed to name the custodian of the facility where he is incarcerated as a respondent in the Amended Application. Accordingly, it is

ORDERED that the action is construed as filed pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that Mr. Allen file **within thirty days from the date of this Order** an Amended Application that complies with Fed. R. Civ. P. 8 and that shows cause why the action should not be dismissed for the reasons stated above. It is

FURTHER ORDERED that Mr. Allen's Amended Application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Allen, together with a copy of this Order, two copies of the following form for use in filing the Amended Application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Allen fails within the time allowed to file an Amended Application as directed the Application will be denied and the action will be dismissed without further notice. It is

FURTHER ORDERED that Mr. Allen's Waiver of Service of Summons, (Doc. No. 8), filed April 28, 2008, is DENIED as inappropriate.

DATED April 30, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00714-BNB

Gene Allen
Prisoner No. 76542
Lovelock Corr. Center
PO Box 359
Lovelock, NV 89419

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 4/30/08

                                           GREGORY C. LANGHAM, CLERK

                                    By: _____
                                                  Deputy Clerk