IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00714-BNB

GENE ALLEN,

    Applicant,

v.

THE STATE OF COLORADO, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 5 2008

GREGORY C. LANGHAM
                  CLERK

## ORDER TO FILE SECOND AMENDED APPLICATION

Applicant, Gene Allen, is a prisoner in the custody of the Nevada Department of Corrections and currently is incarcerated at the Lovelock, Nevada, Correctional Center. Mr. Allen initiated this action on March 31, 2008, by submitting to the Court a *pro se* pleading titled, "Write [sic] of Error Coram Nobis." On April 30, 2008, Magistrate Judge Boyd N. Boland entered an order construing the action more properly filed pursuant to 28 U.S.C. § 2254 and instructing Mr. Allen to amend and file his claims on a Court-approved form used in filing § 2254 habeas actions. Mr. Allen also was instructed to comply with Fed. R. Civ. P. 8 and to name the warden of the facility where he is incarcerated as a respondent in the action. On May 12, 2008, Mr. Allen filed two separate § 2254 Court-approved forms.

The Court must construe the Amended Applications liberally because Mr. Allen is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the Amended Applications and finds that Mr. Allen has failed to comply with the April 30, 2008, Order requiring him to set forth claims that meet the pleading requirements of Rule 8. Mr. Allen challenges a different conviction in each of the forms. One of the forms only includes Pages One through Four. Applicant also fails to name the custodian of the facility where he is held as a Respondent. Applicant states on Page Six of one of the forms that "there is no reason to list the Warden this is out of state jurisdiction only. n/a." In the one form that includes Pages Five and Six, Mr. Allen lists three claims. The claims are vague and conclusory.

Mr. Allen was informed by the Court that the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the pleader is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

2

Mr. Allen has failed in either Amended Application to set forth a short and plain statement of his claims showing that he is entitled to relief. The Court is not able to determine if each of the convictions he is challenging are related. Mr. Allen fails to state how his constitutional rights were violated with respect to either of the convictions he appears to be challenging. Furthermore, some of the answers to the questions on the form are nonresponsive.

Nonetheless, the Court will allow Mr. Allen one last opportunity to file **one** properly Second Amended Application. Mr. Allen is instructed that he must allege specific facts in support of his claims to demonstrate that his federal constitutional rights have been violated. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Allen go beyond notice pleading. **See Blackledge v. Allison**, 431 U.S. 63, 75 n.7 (1977). He must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable under 28 U.S.C. § 2254. **See Ruark v. Gunter**, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Again, Mr. Allen is instructed that he must name the custodian of the facility in which he is incarcerated as one of the respondents in the action and he must comply with Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that Mr. Allen file within thirty days from the date of this Order **one** Second Amended Application that complies with Fed. R. Civ. P. 8 and with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Allen, together with a copy of this Order, a copy of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form for use in filing the Second Amended Application. It is

FURTHER ORDERED that if Mr. Allen fails within the time allowed to file a Second Amended Application as directed the action will be dismissed without further notice.

DATED May 15, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00714-BNB

Gene Allen
Prisoner No. 76542
Lovelock Corr. Center
PO Box 359
Lovelock, NV 89419

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 5/15/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk