IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 16 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-00714-BNB

GENE ALLEN,

Applicant,

v.

JOHN SUTHERS, The Attorney General of the State of Colorado,

Respondent.

## ORDER OF DISMISSAL

Applicant Gene Allen, a state prisoner currently housed in the State of Nevada, initiated this action by filing a *pro se* pleading titled, "Write [sic] of Error Coram Nobis." On April 30, 2008, Magistrate Judge Boyd N. Boland entered an order construing the action as a 28 U.S.C. § 2254 habeas corpus action and instructing Mr. Allen to amend the Application and file his claims on a Court-approved form used in filing § 2254 habeas actions. Mr. Allen also was instructed to comply with Fed. R. Civ. P. 8, to show why he is entitled to relief, and to name as a respondent the warden of the facility where he is incarcerated. On May 12, 2008, Mr. Allen filed two separate § 2254 Court-approved forms.

Magistrate Judge Boland reviewed the Amended Applications filed on May 12, 2008, and found that Mr. Allen failed to comply with the April 30, 2008, Order requiring him to set forth claims that meet the pleading requirements of Rule 8. Mr. Allen challenged a different conviction in each of the forms filed on May 12, 2008. One of the

forms only included Pages One through Four. Applicant also failed to name as a respondent the custodian of the facility where he is held and stated that because he was incarcerated outside the State of Colorado he did not need to name the custodian as a respondent. Furthermore, the claims were found to be vague and conclusory. Nonetheless, Magistrate Judge Boland again informed Mr. Allen that he must comply with Fed. R. Civ. P. 8 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and allowed him one last opportunity to file a proper Second Amended Application. On May 27, 2008, Mr. Allen filed a Second Amended Application on a § 2254 Court-approved form.

The Court must construe the Second Amended Application liberally because Mr. Allen is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Applicant again has failed to comply with Fed. R. Civ. P. Rule 8 or Rule 4 of the Rules Governing Section 2254 Cases. The responses to the questions in the Court-approved Application form filed May 27, 2008, are either nonresponsive, contradictory, or unintelligible. The claims set forth on Pages Four through Six again are vague and conclusory.

Mr. Allen was informed by Magistrate Judge Boland, on two occasions, that the twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the pleader is entitled to relief. *See*

***Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Rule 8 are designed to meet these purposes. *See **TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), ***aff'd***, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

A decision to dismiss a pleading pursuant to Rule 8 is within the Court's sound discretion. *See **Atkins v. Northwest Airlines, Inc.***, 967 F.2d 1197, 1203 (8th Cir. 1992); ***Gillibeau v. City of Richmond***, 417 F.2d 426, 431 (9th Cir. 1969). The burden Mr. Allen places upon the Court to identify, interpret, and respond to his specific claims is unreasonable. Mr. Allen fails to set forth a short and plain statement of the grounds upon which the Court's jurisdiction depends, and he fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Applicant also fails to go beyond notice pleading as required by Rule 4 of the Rules Governing Section 2254 Cases. Therefore, the action will be dismissed for failure to comply with the pleading requirements of Rule 8(a) and Rule 4. Accordingly, it is

ORDERED that the Amended Application is denied and the action is dismissed without prejudice for failure to comply with the pleading requirements of Fed. R. Civ. P. 8 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. It is

FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel, (Doc. No. 21), filed May 27, 2008, is denied as moot.

DATED at Denver, Colorado, this 12 day of June, 2008.

BY THE COURT:

*Zita L. Weinshienk*
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00714-BNB

Gene Allen
Prisoner No. 76542
Lovelock Corr. Center
PO Box 359
Lovelock, NV 89419

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/16/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk